# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, ) | |
| Petitioner, ) | |
| ) | Civil Action No. 13-430 |
| vs. ) | |
| ) | Judge Arthur Schwab/ |
| MIKE WENEROWICZ; THE ) | Magistrate Judge Maureen P. Kelly |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF PENNSYLVANIA, ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), be dismissed before being served for lack of subject matter jurisdiction and that a certificate of appealability be denied.

**II. REPORT**

Alton Daniel Brown ("Petitioner"), a most prolific prison litigator, has filed the Petition, seeking to challenge a 2004 state conviction for criminal mischief in connection with his apparent destruction of prison property while he was housed in a State Correctional Institution. Petitioner was sentenced to ninety days of confinement and ordered to pay $364.74 in restitution. ECF No. 1-1 at 1, ¶ 3. Petitioner notes that his Post Conviction Relief Act ("PCRA") Petition was dismissed because, during the pendency of the PCRA petition, his sentence for the conviction of criminal mischief was completed. Petitioner is still incarcerated for other convictions, arising out of Philadelphia, Delaware and Montgomery Counties, and is currently serving an aggregate sentence of 108 to 216 years. ECF No. 1-1 at 16, ¶ 17.

Because 28 U.S.C. § 2254 (a) requires that a federal habeas petitioner be "in custody" at the time of his filing a federal habeas petition as a condition of the Court having subject matter jurisdiction, and Petitioner was not "in custody" on the 2004 criminal mischief conviction at the time of filing the instant Petition, the Court does not have jurisdiction over these proceedings. Accordingly, this Petition must be dismissed for lack of subject matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

### A. Rule 4 pre-service dismissals

Rule 4 of the Rules governing Section 2254 cases ("Rule 4") and hence, the instant Petition, provides in relevant part that:

> The clerk must promptly forward the [Section 2254 habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002) (in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C

2

1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . .").

Accordingly, in deciding this Petition, this Court takes judicial notice of the dockets in Petitioner's criminal case in the Court of Common Pleas of Greene County.[1] The Court also takes judicial notice of the opinion of the Superior Court in affirming the denial of PCRA relief, based upon the fact that Petitioner was not in custody or still serving his sentence for his 2004 conviction for criminal mischief, at the time that the Court of Common Pleas of Greene County came to rule on Petitioner's PCRA petition.[2]

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition should be dismissed pre-service because Petitioner filed the instant Petition only after all custody stemming from his challenged conviction was completed.

## B. Discussion

It is undisputed that Petitioner's 90 day sentence of incarceration for the conviction of criminal mischief expired during the pendency of the related PCRA proceedings. As a

---

[1] The dockets in Commonwealth v. Brown, No. CP-30-SA-0000281-2002 (Greene County CCP) are available at:

(site last visited 3/26/2013).

[2] The Court obtained the Superior Court opinion from the Prothonotary of the Superior Court and the opinion is attached hereto as an appendix.

consequence, the PCRA trial court, upon motion of the Commonwealth dismissed the PCRA petition on April 25, 2011. Commonwealth v. Brown, No. 1313 WDA 2011, slip op. at 2 to 3 (Pa.Super. Aug. 14, 2012) ("the Commonwealth argued that Appellant's filing of 'a series of meritless motions and petitions' has so prolonged the disposition of his PCRA petition that Appellant was no longer eligible for relief under the PCRA, as he had completed his sentence of 90 days' imprisonment. The PCRA court agreed with the Commonwealth and on April 25, 2011, it entered an order finding Appellant's petition moot and dismissing it on that basis.").[3] Accordingly, because Petitioner's custody, stemming from the conviction for criminal mischief, which he seeks to attack in this Petition, ended long before he filed the present Petition, this Court lacks subject matter jurisdiction over these proceedings because Petitioner was not "in custody" at the time of his filing the instant habeas petition. 28 U.S.C.A. §2254(a) & (b).[4]

Section 2254(a) provides in relevant part that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody

---

[3] As explained by the Superior Court, under the PCRA statute, in order to be eligible for relief, the PCRA petitioner must be "at the time relief is granted" "currently serving a sentence of imprisonment. . . ." Id. at 3 to 4. As explained below, a federal habeas petitioner must be "in custody" at the time he files his federal habeas petition in order to meet the "in custody" requirement of Section 2254(a).

[4] 28 U.S.C. § 2254 (a) and (b) provides in relevant part as follows:

>  (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>  (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

4

pursuant to the judgment of a State court **only on the ground that he is in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). In light of this language, the United States Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" United States ex rel. Dessus v. Com. of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971). See also United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990)(per curiam)(Custody is "the essential statutory ingredient for initial jurisdiction[.]"). The Court of Appeals for the Third Circuit has explained that "[i]n making a custody determination, a court looks to the date that the habeas petition was filed." Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997). Moreover, it is the burden of the habeas petitioner to establish the jurisdictional predicate that he was in custody at the time of filing his habeas petition. See, e.g., United States ex rel. Johnson v. Cavell, 468 F.2d 304, 319 (3d Cir. 1972) ("Indeed, by seeking to invoke a district court's habeas corpus jurisdiction, petitioner carried the burden of affirmatively showing the presence of jurisdictional prerequisites. . . .").

Because it appears from the face of the Petition and the records of which this Court can take judicial notice, including the opinion of the Superior Court attached hereto, that Petitioner was not "in custody" on the conviction for criminal mischief (which he challenges herein), at the time of the filing of the Petition, the Court should, pursuant to Rule 4, dismiss the Petition for lack of subject matter jurisdiction before it is served.

Moreover, because the Court concludes that jurists of reason would not find it debatable that dismissal of the Petition is proper on the grounds that Petitioner has not met his burden of establishing the jurisdictional prerequisite of showing he was "in custody" within the meaning of

Section 2254, a certificate of appealability should be denied.

## III.  CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

Respectfully submitted,

*s/Maureen P. Kelly*
MAUREEN   P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 4, 2013

cc:   The Honorable Arthur J. Schwab
      United States District Judge

   ALTON D. BROWN
   DL-4686
   SCI Graterford
   Box 246
   Graterford, PA 19426-0244

# APPENDIX