IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN,           )<br>              Petitioner,   )<br>                                         )<br>vs.                                    )<br>                                         )<br>MIKE WENEROWICZ; THE  )<br>ATTORNEY GENERAL OF THE STATE  )<br>OF PENNSYLVANIA,      )<br>              Respondents.   ) | Civil Action No. 13-430<br><br>Judge Arthur Schwab/<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No.4, was filed *pro se* by Alton Brown, who was, at the time of initiating this case, incarcerated in the State Correctional Institute at Graterford on a conviction other than the one he seeks to attack via this Petition.   The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 6, filed on April 4, 2013, recommended that the Petition be dismissed because, at the time Petitioner initiated these habeas proceedings, he was no longer in custody on the conviction he sought to challenge by means of these proceedings.   Petitioner was informed that he had until April 22, 2013 by which to file objections to the Report.   On April 22, 2013, rather than file objections, Petitioner filed a motion for extension of time in which to file his objections, requesting an additional 30 days.   ECF No. 7.   On April 23, 2013, the Court granted Petitioner's Motion and gave him until May 24, 2013 by which to file his objections and informed him that no further extensions would be granted.   On

May 8, 2013, Petitioner filed a Motion seeking a court order to permit him to access his legal materials. ECF No. 8. The Court denied the Motion on May 9, 2013, and warned him that his objections would still be due on May 24, 2013. On May 28, 2013, Petitioner filed yet a second Motion seeking a court order allowing Petitioner access to his legal files, ECF No. 9, and he also filed on that same day, a second Motion for Extension of time in which to file his objections. The undersigned denied those motions the same day.

Petitioner allegedly sought access to those records so that he might demonstrate that he "was 'in custody' at the time of filing his habeas corpus petition, and that there are severe collateral legal consequences that were imposed upon him on the basis of the challenge[d] conviction." ECF No. 9 at 1, ¶ 3. Similarly, Petitioner asserts repeats his claim in his second Motion for Extension of Time, that his inability to access his files is "preventing him from demonstrating that he 'was in custody' at the time he filed his habeas corpus petition, and, that there are severe collateral legal consequences that were imposed on the basis of the challenged conviction, which would negate the magistrate's claim that he is not entitled to relief because he sentence has expired." ECF No. 10 at 1.

To the extent that Petitioner is attempting to mount the argument that the unspecified "severe collateral consequences" allegedly stemming from the challenged conviction is sufficient to establish that he was "in custody" at the time he filed the present Petition, he is simply wrong on the law. Maleng v. Cook, 490 U.S. 488, 492 (1989).

In Maleng, the petitioner therein, who was at the time of filing his habeas petition then serving an unrelated federal sentence, sought to challenge a 1958 state conviction whose sentence had completely expired. The Court held that the Petitioner could not challenge the 1958 conviction because he was not "in custody" for that conviction. The Court held so,

notwithstanding the petitioner's contention that his 1958 conviction was used to enhance a state sentence that he would begin to serve at the end of his federal sentence.  The Court stated:

> While we have very liberally construed the "in custody" requirement for the purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statues, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it is imposed at any time on federal habeas.  This would read the "in custody" requirement out of the statute . . . .

Maleng, 490 U.S. at 492.  See also Obado v. New Jersey, 328 F.3d 716 (3d Cir. 2003).  Because "collateral consequences" are simply insufficient to establish "custody" for purposes of invoking habeas corpus relief in federal court, Petitioner's motions are properly denied and to the extent that such Motions can be construed as objections, they are overruled.

Accordingly, after *de novo* review of the Report and the record of this case, it is hereby **ORDERED** that the Report is adopted and we hereby **ORDER** that the Petition be dismissed.  A certificate of appealability is likewise **DENIED**.

*s/Arthur J. Schwab*
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

Dated:   May 31, 2013

cc:    The Honorable Maureen P. Kelly
       United States Magistrate Judge

       ALTON D. BROWN
       DL-4686
       SCI Graterford
       Box 246
       Graterford, PA 19426-0244